IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kevin A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 21-cv-50112 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Martin J. O'Malley, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, Kevin A., seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. The parties have filed cross motions for summary judgment [12], [15]. For the reasons set forth below, Plaintiff's motion for summary judgment [12] is granted and the Commissioner's motion for summary judgment [15], is denied. This matter is remanded for further proceedings consistent with this order.

**BACKGROUND**

A.   Procedural History

On March 1, 2018, Kevin A. ("Plaintiff") applied for disability insurance benefits and supplemental security income. R. 10. This application alleged a disability beginning on December 31, 2006. *Id.* The Social Security Administration ("Commissioner") denied his application on August 30, 2018, and upon reconsideration on November 9, 2018. *Id*. Plaintiff filed a request for a hearing. Plaintiff appeared and testified at a hearing on October 22, 2019, held by an Administrative Law Judge. An impartial vocational expert, Brenda Martinez, also appeared and testified at that hearing. Thereafter, further testing was obtained, and a supplemental hearing was held on September 17, 2020, by ALJ Cynthia M. Bretthauer. *Id.*  Plaintiff appeared and testified at that hearing and was represented by counsel. Impartial vocational expert Christine Fontaine also appeared and testified at that hearing. *Id*.

On September 30, 2020, the ALJ issued her written opinion denying Plaintiff's claims for disability insurance benefits. R. 10-21. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [5]. Now before the Court are Plaintiff's

---

[1] Martin J. O'Malley has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

motion for summary judgment [12] and the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [15]. Plaintiff has also filed a reply [20].

B. The ALJ's Decision

In her ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ reserved a finding as to whether Plaintiff had been engaging in substantial gainful activity since the alleged onset date of December 31, 2006. Despite the uncertainty of whether Plaintiff's prior work constituted substantial gainful activity, the ALJ stated that a conclusion was not necessary since she found a separate basis for denying Plaintiff's application. R. 13. At step two, the ALJ found that Plaintiff had the following severe impairments: unspecified neurodevelopmental disorder; and unspecified depressive disorder. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations: simple, repetitive and routine, unskilled, 1-3 step instructions, with routine changes only, no multiple changes; occasional contact with the general public; work primarily alone, having only occasional contact with co-workers; no fast-paced or high production quotas; and jobs with oral or picture instructions only. R. 16. At step four, the ALJ found that Plaintiff had no past relevant work. R. 19. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including cleaner, auto detailer, and hand packager. R. 20. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from December 31, 2006, through the date of the ALJ decision, September 30, 2020.

**STANDARD OF REVIEW**

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

2

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues the ALJ erred by relying on the testimony of the vocational expert ("VE"), yet failing to conclude that: 1) the limitation of picture or oral instructions only is a work accommodation; 2) the vocational expert's previous experience in placing individuals with disabilities in work positions is not the same as placing the hypothetical Plaintiff in those positions; and 3) the vocational expert's testimony regarding job numbers was based on flawed methodology. The Court finds that the ALJ erred by relying on the VE's testimony yet failing to conclude that the limitation of picture and oral instructions only is a work disability. Therefore, this matter is remanded for further proceedings

Plaintiff testified at the hearing that his ability to work is limited due to mental health symptoms. R. 16. Plaintiff stated he participated in special education classes for difficulty in reading in both grammar school and high school and reported dropping out of high school due to social difficulties. *Id*. Plaintiff testified he did not pursue further special education or reading classes due to no resources being available to him. Plaintiff's medical record from 2010 through 2019 includes multiple psychological consultative examinations. R. 17-18. In summary, these examinations showed normal judgment and thinking, intact memory, adjustment disorder, and deficits in academic achievement and cognitive development. The record also shows a history of learning difficulties. While Plaintiff reported an inability to read or write, a consultative examination in November 2019 demonstrated Plaintiff possessed some ability to read and write and an ability to follow picture instructions. *Id*. The ALJ fashioned the above RFC following her review of Plaintiff's record. R. 16.

At the September 17, 2020 hearing, VE Christine Fontaine testified Plaintiff could perform his past relevant work as a store laborer and kitchen helper. R. 95-96. The VE further testified that other jobs were available to Plaintiff given his RFC, including cleaner, automobile detailer, and hand packager. R. 96. Relevantly, Plaintiff's RFC noted that Plaintiff would be able to perform "jobs with oral and picture instructions only." R. 16. On cross-examination, the VE testified that the limitations on whether job instructions need be oral or by picture is not something that is covered by the Department of Labor's Dictionary of Occupational Titles ("DOT"). The VE's testimony continued:

> "Plaintiff's counsel: How are you concluding that these positions are going to be able to make these accommodations if it's not covered by the DOT?
>
> VE: All of my experience has been a good number of years working with individuals with cognitive and intellectual disabilities, and with adults in a sheltered

3

> employment situation, so I had experience with the necessary skills to place people in different kinds of jobs with or without their ability to read.
>
> Plaintiff's counsel: Would you consider her instructions being oral or written as being an accommodation or some sort of beyond the norm for how a job would normally be directed or instructed?
>
> VE: In a great many cases, an unskilled employee, miss, that is true. That would be unusual."

R. 97.

Finally, when asked how many jobs would be available with an oral and picture instructions only limitation, the VE testified that the number of available jobs would be cut in half. Therefore, the VE job numbers would be reflected as: cleaner, 12,500; automobile detailer, 65,000; and hand packager, 205,000. R. 98.

Reaching step 5 of the evaluation process, "the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). "Additionally, where a non-exertional limitation might substantially reduce a range of work that an individual can perform, the ALJ must consult a vocational expert in an effort to determine whether there are a significant number of jobs in the national economy that [he] can do given [his] physical and mental impairments." *Abiodun A. v. Kijakazi*, Case No. 20-cv-698, 2022 WL 2105903, at *11 (N.D. Ill. June 10, 2022) (citations omitted).

In determining that the VE's testimony was consistent with the information contained in the DOT and supplemented by the VE's education and professional experience, the ALJ found: "The vocational expert's testimony addressed various factors that are not addressed in the DOT, particularly the effect of 'oral and picture instructions only' on job numbers. The vocational expert used her educational and professional experience working with adults with cognitive difficulties and placing people with an inability to read in jobs. The job numbers provided by the vocational expert were reduced by half, considering the claimant's difficulty with reading, and 'oral and picture instructions only.'" R. 20-21. This was the extent of the ALJ's findings regarding the VE's testimony and its relationship with the RFC.

The ALJ relied on the VE's testimony in finding that jobs were available in sufficient numbers with a limitation of "oral and picture instructions only." However, the ALJ failed to address the VE's testimony that (based on a fair reading) states that oral or picture instructions would be an "accommodation" in an employment setting.

"To be sure, accommodations are not considered when assessing work at Step 5." *Abiodum A.*, 2022 WL 2105903, at *12. *See also Singleton v. Berryhill*, Cause No. 3:17-CV-0576-MGG, 2018 WL 4579711, at *3 (N.D. Ind. Sept. 25, 2018) ("…in making a determination of whether an individual is disabled for Social Security Disability Insurance ('SSDI') purposes, the SSA is not to take the possibility of 'reasonable accommodation' into account"). What is unclear to the Court here is whether the VE intended to classify an oral or picture instruction limitation as an

4

"accommodation" for purposes of employment. Likewise, it is unclear if the ALJ in her decision took into consideration the VE's testimony as it related to "accommodation." This is significant since the Court cannot say for certain if the VE cited to jobs (and availability of those jobs in the national economy) based on whether the employer would provide an accommodation; and, therefore, whether that was what the ALJ relied on. "'It is error for a VE to cite jobs based on assumptions about employer accommodations, rather than on how the jobs are normally performed in the competitive job market.' 3 Social Security Disability Claims Practice and Procedure § 27.[60] (2nd ed.). Whether or how an employer might be willing (or required) to alter job duties to suit the limitations of a specific individual would not be relevant because [the ALJ's] assessment must be based on broad vocational patterns…rather than on any individual employer's practices." *Eaglebarger v. Astrue*, Cause No. 1:11-CV-00038, 2021 WL 602022, at *5 (N.D. Ind. Feb. 23, 2012) (citations and quotations omitted). *See also Eback v. Chater*, 94 F.3d 410, 412 (8th Cir. 1996) (finding that a determination of available jobs in the national economy could not be based on an assumption that an employer would provide an accommodation). Accordingly, this matter must be remanded for clarification on this issue.

## CONCLUSION

The Court finds that the ALJ's step 5 determination lacks substantial evidence, support, and explanation. Therefore, the Court remands this matter for further proceedings. On remand, the ALJ may issue a decision explaining in greater detail her understanding of the VE's testimony and provide a clearer step 5 determination; or the ALJ may order further testimony to better explain whether the VE intended that an accommodation be a part of the findings in this matter. The Court offers no opinion as to the other bases of error in the ALJ's decision, as raised by Plaintiff. For the foregoing reasons, Plaintiff's motion for summary judgment [12], is granted. and the Commissioner's motion for summary judgment [15] is denied.

Date: 09/30/2024　　　　　　　　　　　ENTER:

_____
United States Magistrate Judge